PER CURIAM:
This action was originally filed by Alonzo Croaff to recover damage to his sister’s automobile, a 1991 Oldsmobile Cutlass. The Court, on its own motion, amended the style of the claim to reflect the owner of the vehicle, Billy Marlene Croaff. The damages to the vehicle were in the amount of $ 115.91.
The evidence adduced at the hearing of the claim on February 17,1994, established that Alonzo Croaff, brother of the claimant, was operating her automobile on December 17, 1992, near Switzer, West Virginia. Mr. Croaff and his family were traveling from Logan to Ragland, proceeding southerly on West Virginia Route 44. He was traveling at approximately 40-45 miles *87 per hour. It was a very dark evening. As Mr. Croaff drove the automobile across the bridge on Route 44, the left front tire struck a large, deep hole in the bridge deck, which caused the tire to go flat immediately. Mr. Croaff drove the vehicle to an area where he was able to drive off the road and change the tire. He noticed that the wheel cover was missing and he went back to the bridge to find it. While at the scene of the accident, he assistant other people in flagging traffic around the hole on the bridge until personnel of the Division of Highways came upon the scene.
Hobert Adkins, the Logan County Maintenance Supervisor for respondent, testified that a section of this bridge had dropped out and he had a steel plate, four feet by eight feet and three-fourths inches thick placed over this section of the bridge. He had reported the bridge failure to the bridge division of the respondent more than a week prior to Mr. Croaff s accident. The bridge deck is somewhat tilted and the steel plate which had been covering the failed section of the bridge had evidently slid to the other lane and no longer protected the traveling public from the deteriorated section of the bridge. The steel plate was not secured to the bridge deck. Mr. Adkins was familiar with the deterioration condition of the bridge, and he recalled having received notice of the vehicles having problems with the exposed section of the bridge on this particular evening in December 1992.
The Court, having considered the evidence in this claim, is of the opinion that respondent had notice of the condition of the bridge deck and sufficient time to which to repair the bridge surface to protect the traveling public. The dropped out section on the bridge was located in the center of the bridge and it created a hole approximately two to three feet wide and eight to ten inches deep which the Court deems to be a hazardous condition. The facts in this claim support the premise that the failure of the respondent to promptly repair a section of the bridge which had dropped out was the proximate cause of the damage to the claimant’s automobile.
In accordance with the findings of fact as stated herein above, the Court is of the opinion to and does make an award for the damages to claimant’s automobile.
Award of $115.91.